375 A.2d 178

**COMMONWEALTH of Pennsylvania**

v.

**Guillermo LOVERA, Appellant.**

Superior Court of Pennsylvania.

Submitted April 2, 1976.

Decided June 29, 1977.

440

Albert L. Deutsch, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

■ A criminal complaint was filed against appellant on April 15, 1974. He should therefore have been brought to trial within 270 days, *i. e.,* by January 10, 1975. Pa.R.

Crim.P. 1100(a)(1). On January 13, 1975, appellant filed a petition to dismiss the charges for non-compliance with Rule 1100. On January 23, the lower court denied the petition, ruling that a period of delay from December 20, 1974, to January 20, 1975, was justified because the case had been continued during that time due to courtroom unavailability. This ruling was error. Before such a delay may be justified, the Commonwealth must file a petition for extension under Rule 1100(c). *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976). Here, no petition was filed.

██ Following his conviction, appellant reiterated his Rule 1100 claim in post-verdict motions. The lower court held that because appellant did not object to the continuance on December 20 or move to sever his case from his co-defendants', he waived his objection to the scheduling of trial beyond the 270-day period. The court relied on *Commonwealth v. Hickson*, 235 Pa.Super. 496, 344 A.2d 617 (1975). However, in *Hickson* the defendant actively agreed to a late trial date. Here, as in *Commonwealth v. Hagans*, 242 Pa. Super. 393, 364 A.2d 328 (1976), there is no evidence that appellant made any statements or acted in any other manner to indicate that he approved of or accepted the delay.

Judgment of sentence reversed, and appellant ordered discharged.