386 A.2d 138
**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Steven HOFFMAN.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1976.
Decided April 28, 1978.

Frank J. Williams, Assistant District Attorney, West Chester, for Commonwealth, appellant.

Richard H. Anderson, Media, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

The six Judges who heard this case being equally divided, the order is affirmed.

PRICE, J., files an opinion in support of affirmance in which HOFFMAN and SPAETH, JJ., join.

An opinion in support of reversal is filed in which JACOBS, President Judge, CERCONE and VAN der VOORT, JJ., join.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

OPINION IN SUPPORT OF AFFIRMANCE

PRICE, Judge:

On September 24, 1975, the trial judge, sitting without a jury, found the appellant guilty of burglary.[1] The appellant, alleging that his Pa.R.Crim.P. 1100 right to a speedy trial had been violated, filed a timely post-trial motion in arrest of judgment. After conducting a hearing on the motion, the court below granted the appellant's motion and arrested judgment. This appeal followed.

Pa.R.Crim.P. 1100(a)(2) provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed." Instantly, the appellant was charged with various offenses by a complaint filed on December 20, 1974. Thus, under the precept of Rule 1100(a)(2), the Commonwealth had until June 18, 1975, to bring the appellant to trial. The appellant, however, was not brought to trial until September 24, 1975, 278 days after the filing of the criminal complaint against him.

In reviewing an alleged Rule 1100 violation, we recognize that all periods of delay beyond the prescribed period (180 days) " '. . . must be either excluded from the computation [of the period, Pa.R.Crim.P. 1100(d)] or justified by an order granting an extension pursuant to the terms of the rule [Pa.R.Crim.P. 1100(c)] if the Commonwealth is to prevail.' " *Commonwealth v. Shelton*, 469 Pa. 8, 14, 364 A.2d 694, 697 (1976), *quoting Commonwealth v. O'Shea*, 465 Pa. 491, 495, 350 A.2d 872, 874 (1976). The record herein shows that only twelve days can be excluded from the computation of the prescribed period under the provisions of Rule 1100(d).[2] The Commonwealth, however, argues that all fur-

1. 18 Pa.C.S. § 3502.

2. On January 24, 1975, the defendant moved to have his case considered for accelerated rehabilitative disposition. The defendant's motion was rejected on February 5, 1975. Both parties agree that

ther delay in trial commencement can be justified by two orders entered by the court below extending the mandatory period. The sole issue before us is whether or not the lower court properly granted the Commonwealth additional time within which to bring the appellant to trial.

Under the provisions of Pa.R.Crim.P. 1100(c), the Commonwealth should be granted an extension of time for commencement of trial if it can demonstrate on the record that trial could not be commenced within the prescribed period despite its due diligence. Specifically, the section provides that:

"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

Here, the Commonwealth petitioned the lower court to extend the time for trial commencement on June 16, 1975. The Commonwealth predicated its petition upon the following averred facts: (1) that the defendant had waived his Rule 1100 right to a speedy trial for a twelve day period during which his application for accelerated rehabilitative disposition was being considered; (2) "the defendant's case was not reached during the May Criminal Trial Term [when it had been listed for trial]; (3) On or about May 22, 1975, [defendant's counsel] advised the Court that his client waived his right to jury trial and requested to be tried by a Judge without jury; (4) A Nonjury Trial has been scheduled for July 21, 1975." The defendant filed an objection to the Commonwealth's petition in which he denied the Common-

the defendant was unavailable for trial for purposes of Rule 1100(d) during this period.

wealth exercised due diligence in bringing him to trial because ". . . no explanation has been provided by the Commonwealth why trial was not scheduled prior to the May Term or why trial could not have been scheduled earlier than July 21, 1975." The lower court scheduled a hearing on the Commonwealth's petition for July 15, 1975.

On July 15, 1975, the following colloquy occurred between the assistant district attorney and the hearing judge:

"MR. WILLIAMS [ASSISTANT DISTRICT ATTORNEY]: We will have the extension hearing prior to that non-jury trial because the defense counsel is not available here today.[3]

THE COURT: Why not do it today? Did he file within the time?

MR. WILLIAMS: There is a good reason. The case wasn't reached when it was on the trial list.

THE COURT: *Get me an Order extending it to Monday or whatever, to the next term if you want.*" (emphasis added)

The hearing judge then extended the time for trial commencement until the trial term beginning August 4, 1975.

■ There is no doubt that the hearing judge improperly granted the Commonwealth an extension of time because he did so without first ascertaining that the Commonwealth exercised due diligence in attempting to bring the defendant to trial. Furthermore, the Commonwealth erred by failing to assert in its petition to extend all of the facts upon which it based its claim of due diligence. For example, on July 23, 1975, the Commonwealth filed a second petition to extend. The lower court conducted a hearing on that petition on September 18, 1975. At that hearing, the Commonwealth explained to the court below *for the first time* that the case had not been reached for trial during the May Trial Term because no courtrooms were available. This fact should have been specifically stated in the Commonwealth's first petition to extend. Pa.R.Crim.P. 1100(c) grants an accused

3. The defendant's attorney was involved in a trial in a different county.

the right to answer the Commonwealth's request for an extension of time. If the petition to extend does not fully aver the factual basis of the Commonwealth's request, then the accused is denied the knowledge necessary to answer the petition.

 Although it noted in its petition the twelve day period of delay caused by the defendant's request to be admitted into the accelerated rehabilitative program, the Commonwealth primarily complained that trial could not be timely commenced because the case could not be reached during the May Trial Term due to an overcrowded court docket. In *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), the Pennsylvania Supreme Court ruled that the Commonwealth may be granted an extension of time predicated upon judicial delay. The court, however, cautioned that such an extension may be granted only upon a record showing: ". . . (1) the 'due diligence' of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided." *Id.*, 469 Pa. at 222, 364 A.2d at 1349–50. Certainly, the woefully inadequate hearing on the Commonwealth's first extension petition established neither requirement on the record.

 Normally, when we review a case such as the one now before us, which arose prior to the *Mayfield* decision and which does not evidence strict record compliance with the *Mayfield* requirements, we will remand the case to the court below for an evidentiary hearing to determine the merits of the Commonwealth's petition to extend. *E. g., Commonwealth v. Stabler*, 251 Pa.Super. 194, 380 A.2d 444 (1978); *Commonwealth v. Lewis*, 247 Pa.Super. 46, 371 A.2d 1318 (1977); *see also Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978). The instant case, however, does not warrant such a disposition. Here, even if we ignore the procedural deficiencies of the first extension hearing and

assume, *arguendo*, that the Commonwealth deserved an initial extension, the hearing on the Commonwealth's second petition to extend conclusively revealed that the Commonwealth did not exercise due diligence in bringing the defendant to trial by the August 4 extension date set by the court below.

As previously recited, on July 23, 1975, the Commonwealth applied to the court below for a second extension of time. The court below scheduled a hearing on that petition for September 18, 1975. At that hearing, the assistant district attorney explained to the court below that the case had been listed for trial on July 21, 1975, but could not be reached on that date because five other cases had been listed ahead of it. Because of this, the Commonwealth, on July 21, had obtained a continuance of the case until it could next be listed at the top of the trial list, which was on September 18, 1975. The lower court extended the case until September 24, 1975, when trial commenced.

We are not convinced, however, that the Commonwealth did all it could do to bring the defendant to trial. At the second extension hearing, the assistant court administrator for the Chester County Court of Common Pleas testified that he could give a case priority listing if he is requested to do so by the Commonwealth. He also testified that he could ask additional judges to hear cases if requested to do so by the Commonwealth.[4] The Commonwealth, however, neglected to make any such requests concerning the case to the court administrator. Moreover, the assistant district attorney gave no explanation to the court below for his failure to alert the court administrator that the instant case should be given a priority status. We cannot therefore conclude that the Commonwealth exercised due diligence in bringing this defendant to trial within the period of time prescribed by Rule 1100. *See Commonwealth v. Coleman, supra.* It is clear that the regular scheduling procedures of Chester County prior to *Mayfield* provided several means by which

4. At least one other judge was available to hear cases on July 21, 1975. (NT 22)

the Commonwealth could attempt to bring a case timely to trial if there was a danger that the mandatory period applicable to that case under Rule 1100 was about to expire. The Commonwealth, however, neglected to employ those means in the instant case. Since the record fails to support the Commonwealth's assertion of due diligence, we find that the lower court erred in granting the Commonwealth additional time for trial.

The order of the court below arresting judgment is affirmed.

HOFFMAN and SPAETH, JJ., join in this opinion in support of affirmance.

## OPINION IN SUPPORT OF REVERSAL

PER CURIAM:

The defendant, Stephen Hoffman, was found guilty of burglary and receiving stolen property after a non-jury trial before the Honorable Thomas A. Pitt, Jr. of the Court of Common Pleas of Chester County. On September 4, 1975, the appellee filed post-trial motions and the court below arrested judgment under Pennsylvania Rules of Criminal Procedure Rule 1100.

The facts are as follows: The defendant was charged with burglary and receiving stolen property on December 20, 1974. The preliminary hearing was held on December 30, 1974 when the defendant was bound over for Grand Jury. On January 24, 1975, the defendant requested to be placed under Accelerated Rehabilitative Disposition (A.R.D.). His application for A.R.D. was refused on February 5, 1975.

The case was then listed for trial on May 20, 1975, but was moved to May 22, 1975 at the request of the defendant's attorney because of a conflict concerning the primary election. On May 22, it became apparent that the case would not be listed on the court schedule during the May Session and the defendant requested at that time to be tried non jury. On June 16, 1975, the Commonwealth filed a Petition

to Extend Time under Rule 1100 as June 17, 1975 was the 180th day. A hearing was scheduled on the petition for July 15, 1975, but it could not be held on that day because defense counsel was on trial in another county and he requested that the hearing be held at the time of the trial. Counsel for the defendant admitted that he asked for these continuances. The court then signed an order granting the extension to August 4, 1975. The non-jury trial was scheduled for July 21, 1975. The trial was so scheduled by the Court Administrator but five other cases of both civil and criminal nature preceded it on the list. The Commonwealth heard of the scheduling on July 17, 1975, and then filed an Application to Extend until July 23, 1975, which was well within the August 4th deadline. This petition was also granted and trial took place on September 24, 1975.

The question raised by the Commonwealth in this appeal is whether the court below erred in granting the arrest of judgment because of violations of Rule 1100.

The case was decided prior to the rulings in *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976) and *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976). In *Commonwealth v. Shelton*, supra, the Supreme Court held that periods of "judicial delay" in bringing a defendant to trial justify the granting of the extension of time to the Commonwealth so long as a petition requesting extension is timely filed. In *Commonwealth v. Mayfield*, supra, 469 Pa. at page 218, 364 A.2d at page 1347, the Supreme Court said:

"[1] The rule does not permit an attorney for the Commonwealth to arbitrarily delay trying a case beyond the prescribed period. Rather, the prosecutor must show 'due diligence' in bringing the case to trial and obtain a court extension, or the case is dismissed with prejudice. See Pa.R.Crim.P. 1100(f).

"[2] The calendaring of cases lies ultimately within the power and responsibility of the trial court. The ABA Project on Standards for Criminal Justice, Standards Relating to the Function of the Trial Judge § 3.8(a) (Approved Draft, 1972) provides:

'The trial court has the ultimate responsibility for proper management of the criminal calendar and should take measures to insure that cases are listed on the calendar and disposed of promptly as circumstances permit.' "

The Court in *Mayfield*, supra, further held:

". . . The rule, however, was not intended to create such an inflexible result. This Court is aware that, despite diligent efforts by the trial courts, cases may arise when a trial of a defendant cannot be held within the prescribed period. In such circumstances, the policies which prompted the adoption of rule 1100 would not be served by disallowing a reasonable, limited extension specifying 'the date or period within which trial shall be commenced.' Pa.R.Crim.P. 1100(c). The rule recognizes that 'due diligence' is the most that should be demanded from the prosecutor and that if despite such efforts, he cannot prepare for trial within the prescribed period, an extension is permissible. No more rigid result under our present rule is justified when the inability of a trial court to proceed within the prescribed period is at issue."

In our case both petitions filed by the Commonwealth were timely filed. The sole question is whether the Commonwealth exercised "due diligence" in bringing defendant to trial. The first request for extension was prior to the passing of the 180 days and the second was within the extended period.

The first delay in this case was occasioned by the time consumed on the request for A.R.D. The next delay when the defendant's attorney requested that the trial date be moved from May 20, 1975 to May 22, 1975 for his convenience. The Assistant District Attorney testified at the Rule 1100 hearing that both the defendant and the Commonwealth were ready to proceed to trial in May, 1975 but that there were insufficient courtrooms available at the time. It is true that at that time the defendant's counsel requested a non-jury trial but the first day available for trial was July 21, 1975 due to the number of judges available due to the judges' vacation schedules.

It seems clear that the first petition extending the time to proceed was properly granted.

The second extension involves a much closer question involving as it must the due diligence of the Commonwealth. The petition was filed well before the August 4, 1975 deadline fixed by the court in the first extension. The case was not heard on July 21, 1975 because it was listed by the Court Administrator sixth on the miscellaneous list for the day. The Court Administrator testified that he could give priority listing if requested by either party. Neither party requested such priority. He also testified that the Commonwealth could request additional judges to sit on any given day but that in July, 1975 only three judges were available as three members of the court were on vacation. He also testified that the case could not be tried at any other time in July because of judicial vacations, full schedules and the Pennsylvania Trial Judges Conference and could not have been tried in August, 1975 because the miscellaneous schedule was full.

The only lack of "due diligence" by the Commonwealth was that in not requesting that the case be given priority listing. The Commonwealth seeing the judicial situation, filed his second petition for extension and the case was tried at the next possible time.

The defendant has not claimed any prejudice due to the delays. The fact that the Commonwealth recognized the problem created by judicial delays and filed a second petition does not indicate lack of "due diligence". This is emphasized by the testimony of the Court Administrator that even if he had requested priority the case could not have been listed because of the judicial situation that existed in July and August, 1975.

The delays requested in this case were not from the lack of "due diligence" by the Commonwealth but due to judicial delays which justified the second extension of time. *Commonwealth v. Shelton*, supra.

78

The order of the court below arresting judgment is reversed, the verdict reinstated and the case remanded for sentencing.

JACOBS, President Judge, and CERCONE and VAN der VOORT, JJ., join.