414 A.2d 352

**COMMONWEALTH of Pennsylvania,**

v.

**John CHAPMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 23, 1978.

Filed Nov. 9, 1979.

474

Jay S. Nedell, Erie, for appellant.

John H. Moore, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before PRICE, HESTER and WATKINS, JJ.

HESTER, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Erie County.

Appellant, after a jury trial, was convicted of attempted burglary and loitering and prowling at night time. Post verdict motions were denied and a jail sentence of five to ten years was imposed.

Appellant asserts that he was denied his right to a speedy trial, as mandated by Pa.R.Cr.P. 1100(a)(1), thus requiring his discharge. We disagree and therefore will affirm the judgment of sentence.

The complaint herein was filed on July 11, 1973. The case was scheduled for trial on February 21, 1974. On that date, the Commonwealth was ready to proceed. However, defense counsel could not proceed because the case of another defendant he represented was called for trial the same day. Later that day, the entire jury panel was dismissed, thus making it impossible to select any more juries during the February trial term. Since Erie County's next trial term was in May, appellant's trial was rescheduled for May 15, 1974.

The run date, for Rule 1100 purposes, from the date the complaint was filed, was April 7, 1974.[1]

On May 9, 1974, appellant filed a motion to dismiss under Rule 1100(f). The case was continued pending the outcome of appellant's motion. Defense counsel and the district attorney submitted a stipulation of facts regarding the motion on January 15, 1975. On January 20, 1975, appellant's motion was denied.

Appellant contends that since he was not tried within 270 days of the date the complaint was filed and the Common-

1. Pa.R.Crim.P. 1100(a)(1) provides that "[t]rial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed."

wealth never moved for a continuance, his motion to dismiss should have been granted.

■ . We disagree. The actual period of delay at any stage of the proceedings attributable to the "unavailability of the defendant or his attorney" is automatically excludable from the time limits of Pa.R.Cr.P. 1100(a)(1)—270 day rule or 1100(a)(2)—180 day rule. *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976).

■ Instantly the Commonwealth was ready to proceed with trial on February 21, 1974—well within the 270–day limit. Defense counsel could not proceed. Thus the next available trial date was May 15, 1974.

■ Under Rule 1100(d)(1), no continuance was necessary. This was not a case of judicial delay. Appellant was not tried within 270 days because his counsel could not be present. Whatever the reasons trial could *then* not be held until May, the original fact remains—appellant's counsel was unavailable, thus fostering the resultant delay.

Therefore in "counting" the 270 days, we exclude those days which fell between February 21, 1974 and May 15, 1974. See *Commonwealth v. Millhouse*, 470 Pa. 512, 368 A.2d 1273 (1977). Thus, appellant's motion to dismiss was inopportune; for the 270 days would not have expired before May 15, 1974.

We see nothing "harsh" or unfair in the result reached here. Our criminal courts are overflowing with cases. Court calendars must be precisely planned, months in advance. Where a defendant cannot proceed on the date assigned, through his own fault, we see no reason to charge the subsequent delay to the Commonwealth, when the court schedule does not permit trial until a few months later.

Judgment of sentence affirmed.

PRICE, J., files a dissenting opinion.

PRICE, Judge, dissenting:

After a jury trial on February 10, 1975, appellant was convicted of attempted burglary [1] and loitering and prowling at night time.[2] Post-trial motions for a new trial and in arrest of judgment were denied, and appellant was sentenced to a term of imprisonment totaling a minimum of five years and a maximum of ten years.

On appeal, appellant contends that he was denied his right to a speedy trial under Pa.R.Crim.P. 1100(a)(1),[3] and that as a result, he should be discharged. I agree with appellant's contention, and therefore respectfully dissent.

The facts pertinent to our consideration of appellant's Rule 1100 claim are as follows. A complaint was filed against appellant on July 11, 1973, charging him with the offenses of which he was subsequently convicted. On February 21, 1974, the date on which trial was to commence, appellant's counsel was unable to attend due to a conflict in his schedule, to-wit, he was trying another case on that day. The trial in that other case lasted only one day, terminating the afternoon of February 21. During the afternoon of February 21, President Judge Edward H. Carney dismissed the entire jury panel, thereby rendering it impossible to select any more juries to try cases during the February trial term. The next trial term was in May, and appellant's trial was rescheduled for May 15, 1974. Appellant filed a motion to dismiss under Rule 1100(f) [4] on May 9, 1974,[5] and the case

1. 18 Pa.C.S. § 3502.

2. 18 Pa.C.S. § 5506.

3. Pa.R.Crim.P. 1100(a)(1) provides that "[t]rial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed."

4. Rule 1100(f) provides that:
   "At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.

5. See note 5 on page 478.

was continued pending disposition of appellant's petition. Appellant's petition was not denied until January 20, 1975, and trial subsequently commenced on February 10, 1975.

Under Rule 1100(a)(1), the Commonwealth had 270 days or until April 7, 1974, to try appellant. The Commonwealth contends that the rescheduling to May 15, 1974, was caused by the unavailability of appellant's counsel, and therefore, that the period of time from February 21, 1974, to May 15, 1974, should be excluded under Rule 1100(d)(1) from calculation of the run time for Rule 1100 purposes. I disagree.

Under 1100(d), "[i]n determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from: (1) the unavailability of the defendant or his attorney . . ." In the instant case, the trial was rescheduled for May 15, because the jury panel had been dismissed; as a result, no further jury trials could have been conducted during the February trial term. This scheduling difficulty is more properly of the nature of a judicial delay than of a delay due to counsel's unavailability. The cases of our supreme court have made clear that scheduling difficulties may provide the basis for the request of an extension pursuant to Section (c) of the Rule, but do not provide the basis for the exclusion of time under Section (d)(1). *Commonwealth v. Morgan*, 484 Pa. 128, 398 A.2d 972 (1979); *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976).

"In *Shelton, supra,* we made it clear that a request for an extension based upon 'judicial delay' could not provide the basis for an exclusion under Section (d). 'Since we have determined that "judicial delay" may serve as a basis for the granting for an extension pursuant to Section (c), the substantial impairment allegedly created by the dicta in

Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

5. April 7, 1974, was the 270th day following filing of a written complaint against appellant.

the Superior Court's majority opinion to the Commonwealth's right to effectuate a prosecution is not now a valid consideration in determining whether "judicial delay" should be impliedly excluded from the computation of the mandatory period in which to commence trial. Since the impairment has been removed, " . . . our rule provides the Commonwealth with an adequate procedural method to protect its right (to effectuate a prosecution), mainly by obtaining extensions under Section (c) of the rule . . ." *Commonwealth v. O'Shea, supra,* 465 Pa. [491] at 497 n.7, 350 A.2d [872] 875 n.7. Therefore, as in *O'Shea, supra,* " . . . we can perceive no reason to imply an additional exclusion." [*Commonwealth v. Shelton, supra,* 469 Pa. at 18, 364 A.2d at 699]' " *Commonwealth v. Morgan, supra,* 484 Pa. at 126–127, 398 A.2d at 976.

In the instant case, the Commonwealth filed no petition for extension under the Rule. Thus, with the run time unaltered, the run date for Rule 1100 purposes was the 270th day from the July 11, 1973 complaint, i. e., April 7, 1974.[6] Viewed in this light, appellant's May 9, 1974 motion to dismiss was meritorious and should have been granted by the court below since trial did not commence before April 7.

Accordingly, I would vacate the judgment of sentence and order appellant discharged.

6. The factual situation presented in this case would also support a finding that the Commonwealth failed to exercise due diligence in making an effort "to reschedule the trial as quickly as circumstances permit." *See Commonwealth v. Morgan, supra,* 484 Pa. at 127 n.5, 398 A.2d at 976 n.5.