426 A.2d 1182

**COMMONWEALTH of Pennsylvania**

v.

**Raymond EADDY, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed March 13, 1981.

John W. Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, appellant.

Eric B. Henson, Assistant District Attorney, for Commonwealth, appellee.

Before PRICE, SPAETH and WATKINS, JJ.

SPAETH, Judge:

This is an appeal from judgments of sentence of three and one-half to seven years in prison for unauthorized use of a credit card, and, to be served consecutively, six months to one year for theft by unlawful taking and receiving stolen property. Appellant was also convicted of forgery, but sentence was suspended on that conviction. We hold that a remand is necessary to determine whether appellant was tried within the period required by Pa.R.Crim.P. 1100. We further hold that if he was so tried, the evidence on the charge of unauthorized use of a credit card was sufficient to prove only a summary offense.

–1–

■ The Commonwealth concedes that the lower court improperly charged appellant with forty-four days, during which appellant was incarcerated awaiting trial, Brief for Commonwealth at 4–5; *see also Commonwealth v. Cohen & Holmes*, 481 Pa. 349, 392 A.2d 1327 (1978), and that under Rule 1100, appellant should have been tried by November 26, 1976. On November 18, 1976, the case was continued to December 13, 1976. The Commonwealth says that when this occurred, appellant "failed to object to that date," Commonwealth Brief at 5, and thereby waived his rights under Rule

1100, *id.* However, no transcript of any hearing or other proceeding on November 18 can be found in the record transmitted to us.[1] We must therefore remand the case to the lower court so that it may determine what in fact happened, and whether what happened constituted a waiver.

–2–

■ At the trial the Commonwealth proved that appellant had rented a Chevrolet Nova with a stolen credit card in violation of 18 Pa.C.S.A. § 4106. The gradation of this offense is as follows:

An offense under this section falls within the following classifications *depending on the value of the property or service secured or sought to be secured* by means of the credit card:

(1) if the value involved exceeds $500, the offense constitutes a felony of the third degree; or

(2) if the value involved was $50 or more but less than $500, the offense constitutes a misdemeanor of the second degree; or

(3) if the value involved was less than $50, the offense constitutes a summary offense.

18 Pa.C.S.A. § 4106(c) (emphasis added).

The lower court found that the value of the Chevrolet Nova exceeded $500, and that appellant's offense was therefore a felony of the third degree. *See* N.T. at 39–61 & 71–73. The lower court reasoned that "the credit card was a means used

1. The Commonwealth cites a transcript dated 1/5/77 in which appellant first raised his Rule 1100 objections. The trial judge, at that hearing, asked the assistant district attorney what had happened on November 18 because she did not have any record relating to that date. The assistant district attorney stated that the defense had "asked for a trial in front of another judge" and the case was then listed for trial on December 13, 1977. N.T. 1/5/77 at 7. Defense counsel, however, could neither confirm nor deny this statement of the facts as he was newly appointed to represent appellant. N.T. 1/5/77 at 5. There is no independent record of what happened on either November 18 or December 13. In these circumstances it is impossible for us to determine whether there has been a valid waiver of appellant's Rule 1100 rights. *See Commonwealth v. Lovera,* 248 Pa.Super. 439, 375 A.2d 178 (1977); *Commonwealth v. Hagans,* 242 Pa.Super. 393, 364, A.2d 328 (1976).

to obtain a piece of property, a relatively new car, not a rental agreement." Slip op. at 6. We disagree.

The statute provides that the grade of the offense depends "on the value of the property or service secured . . . ." The only property or service that appellant purported to secure with the stolen credit card was the use or rental of the Chevrolet Nova. He did not purport to purchase the automobile; he contracted for the right to use it for a limited period.

The fallacy of the lower court's reasoning may be seen by supposing that a appellant had returned the Chevrolet Nova within the time provided by the rental agreement (appellant in fact was arrested two hours after he rented the automobile). According to the lower court, he would nonetheless have been guilty of a felony of the third degree because the value of the car exceeded $500. We think it clear, however, that in these circumstances he could only be guilty of a summary offense, for the only property or service he would have secured would have been the rental of the automobile, the value of which, the record shows, was $32.86.

The lower court states that "[t]he prosecution should not be held to prove whether or not defendant intended to return the car and pay the $34.00. A car was obtained by use of a credit card not belonging to the defendant. The only reasonable inference is that defendant received stolen property." [2] Slip op. at 6.

When someone rents an automobile with a stolen credit card he may have the intent not to return it, or he may form that intent later. Here, however, the Commonwealth did not allege, nor did it prove, that appellant had, or later formed, such intent. If appellant did have or later form such intent, he was in violation of one of the consolidated theft offenses, *as well as* in violation of the credit card offense. *See e. g.*, 18 Pa.C.S.A. §§ 3921 (theft by unlawful

---

2. The cost of rental was, according to the contract, not $34 but $32.86. N.T. 2/7/77 at 72. In any event, whether appellant paid $34 upon return of the car would be irrelevant. His offense was committed when he secured the rental agreement by his unauthorized use of the credit card.

taking or disposition), 3922 (theft by deception), 3925 (receiving stolen property).

The judgment of sentence is vacated and the case remanded for a Rule 1100 hearing, and if that does not result in appellant's discharge, for imposition of sentence for summary offense for his conviction of unauthorized use of a credit card.

WATKINS, J., files a dissenting opinion.

WATKINS, Judge, dissenting:

I dissent.

The Commonwealth proved that the defendant converted a 1975 Chevrolet Nova automobile to his own use via the unauthorized use of the credit card. I feel that this is sufficient to prove that he had the intent not to return the vehicle. A defendant who removes a vehicle from its proper owner and converts the automobile to his own use may or may not have the intent to return said vehicle. In the instant case there was no evidence which tended to show that the defendant had intent to return said vehicle to its proper owner. Since I feel that the defendant's actions in using the credit card to obtain the vehicle was sufficient to convict him of the theft of said vehicle I cannot agree with the majority opinion.