422 A.2d 1340

**COMMONWEALTH of Pennsylvania**

v.

**Lloyd L. MANLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1979.

Filed Sept. 26, 1980.

Reargument Denied Jan. 7, 1981.

Petition for Allowance of Appeal Granted June 25, 1981.

378

James E. O'Brien, Jr., Assistant Public Defender, Scranton, for appellant.

Ernest D. Preate, Jr., District Attorney, Scranton, for Commonwealth, appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

SPAETH, Judge:

Appellant was convicted of robbery, theft and recklessly endangering another person. He argues on this appeal that he should be discharged because his right to a speedy trial

under Pa.R.Crim.P. 1100, 19 P.S. Appendix, has been violated.

On February 15, 1978, a criminal complaint issued against appellant, charging him with the crimes just listed. Therefore, under Pa.R.Crim.P. 1100(a), the Commonwealth had until August 14, 1978,[1] or one hundred eighty days later, to commence appellant's trial. Trial was scheduled for May 30, 1978. However, on that date, appellant appeared without counsel and trial was continued.[2] On June 1, the Commonwealth filed a petition pursuant to Pa.R.Crim.P. 1100(c) for an extension of time to commence trial, and the lower court granted a rule to show cause why the petition should not be granted. The Rule was returnable on June 9, and a hearing on the petition, if deemed necessary, was scheduled for June 14. Copies of the petition were served on appellant, the public defender, and the private counsel who represented appellant at his preliminary hearing. No answer to the petition was filed and no hearing was held. Moreover, no order on the petition—either granting or denying it—was entered by the lower court. On September 21, appellant filed a motion pursuant to Pa.R.Crim.P. 1100(f) for dismissal of the charges against him on the ground that the Commonwealth had failed to commence trial within the period prescribed by Rule 1100. The Commonwealth filed an answer, and a hearing on the petition was held on September 27. At the conclusion of the hearing, the lower court found that appellant was unavailable for trial on May 30, that because criminal court terms were not scheduled during the summer months the next available trial date after May 30 was September 25, and that although special out–of–term crimi-

1. Appellant mistakenly computes the mandatory period prescribed by Rule 1100(a) as ending on August 5, 1978.

2. Appellant was represented at his preliminary hearing by private counsel. On May 25, 1978, this counsel informed the district attorney's office that he would not be entering an appearance in the case and would not be representing appellant at trial. On May 30, when appellant appeared without counsel, the lower court instructed him to apply for the services of the public defender. On or about September 1, 1978, the public defender was appointed to represent appellant.

nal trials had been held during the summer months, appellant's trial could not have been held prior to September 25 because "all of the courts during this past summer were busy with matters." On these findings, the lower court denied appellant's motion to dismiss. The lower court also stated that it would grant the Commonwealth's "petition to extend the time of trial until today or tomorrow or Friday during this week, whenever there's a court available for trial of this case." Although the lower court did not explicitly state that the petition being granted was the one the Commonwealth filed on June 1, we must assume that this was the petition the court was granting as the Commonwealth had filed no other. The record shows no request by the Commonwealth either before or at the hearing for a ruling by the lower court on its June 1 petition.[3] The next day, September 28, the Commonwealth filed its second petition for an extension of time, alleging that it could not try appellant on or before September 29 because "there were no trial judges available and no courtrooms available since all the judges and courtrooms were occupied with other cases." Appellant opposed an extension but admitted the unavailability of courtrooms and a trial judge. On October 26, the lower court, without a hearing, granted an extension of time until the next criminal court term beginning November 27. Appellant was tried on December 1, 1978.

■ The Commonwealth argues that all of the period from May 1 until September 25 should be excluded in determining the timeliness of appellant's trial. The Commonwealth reasons that appellant was unavailable during this period within the meaning of Pa.R.Crim.P. 1100(d)(1) because he appeared for trial on May 30 without counsel and the next available trial date was September 25. While we find that

3. Indeed, the Commonwealth appears still to believe that an order was never entered on its June 1 petition. *See* Commonwealth's Brief at 2 ("It is admitted that no order was signed on this petition"). Moreover, the Commonwealth does not argue on this appeal that its trial of appellant was timely because an extension of time was granted on its June 1 petition.

appellant was unavailable for trial on May 30 and for a reasonable period thereafter until a public defender could be appointed to represent him, *see, e. g., Commonwealth v. Bussey*, 486 Pa. 221, 404 A.2d 1309 (1979); *Commonwealth v. Millhouse*, 470 Pa. 512, 368 A.2d 1273 (1977); *Commonwealth v. Smith*, 262 Pa.Super. 258, 396 A.2d 744 (1978),[4] it may not be said that appellant was unavailable for the entire period from May 30 until September 25. In *Commonwealth v. Goodman*, 260 Pa.Super. 266, 393 A.2d 1256 (1978), this court held that a defendant who escaped from jail and was unavailable for trial until September 26, 1975, the date the Commonwealth learned his whereabouts, was nevertheless available for trial after September 26, even though the next criminal court term was not scheduled until November 12, 1975. The delay caused by the lack of a criminal court term in which to try the defendant prior to November 12 constituted judicial delay that was not excludable from the mandatory period prescribed by Rule 1100. Such delay, we held, could serve only as the basis for an extension of time that

4. Appellant claims that *Millhouse* and its progeny are distinguishable because in those cases the delay was always caused when the defendant's privately retained counsel failed to appear at a scheduled hearing. Here appellant was unable to afford counsel to represent him on May 30. This argument, however, ignores the fact that appellant was represented by private counsel at his preliminary hearing, and did not apply for the public defender's services before his scheduled trial on May 30. Furthermore, the district attorney was not informed until May 25 that appellant's former counsel would not enter a trial appearance. In these circumstances, where appellant had privately retained counsel during the pre–trial proceedings and then later became financially unable to keep counsel's services but did not inform the Commonwealth or the court of his changed circumstances, appellant should be deemed unavailable when he appears for trial without counsel.

The period of appellant's unavailability, however, did not last until Sept. 1, the date the public defender was appointed to represent him. The Supreme Court has held that a defendant who can afford private counsel but nevertheless appears at a hearing without counsel will be deemed unavailable for "the period of delay resulting from the unavailability, *i. e.*, until counsel entered an appearance . . . ." *Commonwealth v. Bussey*, 486 Pa. at 225, 404 A.2d at 1311. In this case, appellant could not afford counsel on May 30, but no reason appears of record why the public defender could not have been appointed to represent him, and enter an appearance, within a matter of days.

had been granted upon a petition filed by the Commonwealth pursuant to Rule 1100(c).[5]

In the present case, appellant's unavailability for trial lasted no longer than a day or two, the time needed by the court to appoint the public defender.[6] The remainder of

5. In *Commonwealth v. Chapman*, 271 Pa.Super. 473, 414 A.2d 352 (1979), two judges sitting on a three–judge panel of this court that when the unavailability of a defendant on a scheduled trial date causes the postponement of trial to a criminal court term scheduled three months later, all the delay is excludable under Pa.R.Crim.P. 1100(d)(1). In so holding, the majority in *Chapman* did not mention the prior decision in *Goodman*, which was decided by this court en banc. As two judges cannot overrule in a panel opinion an en banc decision joined by four members of the court, *Chapman* is invalid precedent.

6. The dissent argues that appellant was unavailable for the entire period from May 30 until September 1 because "[u]ntil the public defender entered his appearance on September 1, 1978, the Commonwealth did not have the means to require appellant's appearance at trial prior to that date in violation of his right to counsel." Slip op. at 4. The law is to the contrary; the Commonwealth always has the means to bring to trial a defendant who attempts to avoid trial by appearing at court proceedings without counsel. *See, e. g., Commonwealth v. Robinson*, 468 Pa. 575, 364 A.2d 665 (1976); *Commonwealth v. Merritt*, 227 Pa.Super. 257, 323 A.2d 875 (1974); *Commonwealth v. Simpson*, 222 Pa.Super. 296, 294 A.2d 805 (1972); *U. S. ex rel. Carey v. Rundle*, 409 F.2d 1210 (3d Cir. 1969). Moreover, the dissent assumes that appellant was slow in applying for the public defender's services, which does not appear of record, and further assumes that this slowness was why appellant's trial was delayed, which is not argued by the Commonwealth and is refuted by the record, which shows that the Commonwealth made no effort to prosecute appellant from May 30, 1978, until the fourth week of September 1978. Had the public defender entered his appearance in June rather than in September, he probably would have filed an answer to the Commonwealth's petition for an extension, in which case the Commonwealth probably would not have forgotten, as it did forget, that its petition was still pending. However, an accused is not obliged to bring himself to trial, much less to remind the Commonwealth of its outstanding petitions. *See, e. g., Commonwealth v. Garrison*, 277 Pa.Super. 18, 419 A.2d 638 (1980); *Commonwealth v. Garnett*, 258 Pa.Super. 115, 392 A.2d 711 (1978); *Commonwealth v. Taylor*, 254 Pa.Super. 211, 385 A.2d 984 (1978); *Commonwealth v. Lovera*, 248 Pa.Super. 439, 375 A.2d 178 (1977); *Commonwealth v. Hagans*, 242 Pa.Super. 393, 364 A.2d 328 (1976), aff'd, 482 Pa. 572, 394 A.2d 470 (1978); *Commonwealth v. Adams*, 237 Pa.Super. 452, 352 A.2d 97 (1975). Moreover, the public defender's failure to enter an appearance in June did not prevent the Commonwealth from securing a timely ruling on its petition, for on appropriate notice, *see*

the delay was caused by the scheduling practices of the court. Thus, appellant's trial was timely only if the lower court on September 27 properly granted the Commonwealth an extension of time to commence trial. *E. g., Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976); *Commonwealth v. Goodman, supra* (in order for trial to be timely all delay beyond the one hundred eightieth day from the filing of the criminal complaint must be either excluded from the computation of the period under Pa.R.Crim.P. 1100(d) or justified by an order granting an extension pursuant to Pa.R.Crim.P. 1100(c)).

■ As noted, at the hearing on appellant's petition to dismiss the charges, the lower court purported to consider, *sua sponte*, the Commonwealth's outstanding Rule 1100(c) petition that was filed on June 1. One may have serious doubts that the court had the power to consider a petition that for all intents had been previously abandoned by the

Pa.R.Crim.P. 1100(c), the Commonwealth could have proceeded *ex parte. See, e. g., Commonwealth v. Frank*, 263 Pa.Super. 452, 398 A.2d 663 (1979); *Commonwealth v. Burton*, 246 Pa.Super. 498, 371 A.2d 946 (1977).

The dissent's assertion that "[t]he majority would distinguish *Millhouse* and *Bussey* from the within situation on the basis that in those cases the defendants could afford private counsel," slip op. at 3, is not true. *See* the first paragraph of footnote 4 of this opinion. Nor does this opinion conflict with *Millhouse* and *Bussey*. As the dissent's quotations show, those opinions hold that when an accused appears for a court proceeding without counsel and without waiving his right to counsel, the period of delay caused thereby will be excluded on the ground that the accused was "unavailable." Conversely, when an accused appears for a court proceeding without counsel and without waiving his right to counsel but does *not* cause thereby a delay in the proceedings, no period of time is excludable. *Commonwealth v. Morgan*, 484 Pa. 117, 398 A.2d 972 (1979); *Commonwealth v. Vaughn*, 475 Pa. 227, 380 A.2d 326 (1977); *Commonwealth v. Mancuso*, 247 Pa.Super. 245, 372 A.2d 444 (1977).

Finally, there can be no question regarding the brutality of appellant's crime. The more reason for the Commonwealth to be diligent in its prosecution. In any case, the right to a speedy trial may not be granted those charged with minor offenses but denied those charged with grave offenses. *Compare United States v. MacDonald*, 632 F.2d 258 (4th Cir. 1980) (triple murder convictions reversed because of infringement of accused's right to a speedy trial). *And see Commonwealth v. Hamilton*, 449 Pa. 297, 304–05, 297 A.2d 127, 130–31 (1972).

Commonwealth. In any event, it is clear that in granting the Commonwealth an extension of time the lower court was not acting upon the petition the Commonwealth filed on June 1, but was in fact acting on an imaginary petition that had never been filed. The Commonwealth's petition alleged only:

4. Defendant was scheduled for trial on May 30, 1978, defendant appeared without counsel and the case was continued by the Honorable M. Kosik.

5. The defendant has not been hampered in any way by the delay thus far and will not be so hampered if the extension is granted.

These allegations clearly were insufficient to support the grant of an extension of time to commence trial. That appellant appeared without counsel on May 30 did not show that he could not be tried before August 14; and lack of prejudice to the accused is not a factor to be considered by a court in determining whether to grant an extension of time. *Commonwealth v. Mayfield*, 239 Pa.Super. 279, 362 A.2d 994, *rev'd on other grounds*, 469 Pa. 214, 364 A.2d 1345 (1976).

Perhaps recognizing the inadequacy of the Commonwealth's averments, the lower court did not rely on them in granting the extension. Rather, it took judicial notice that criminal court terms had not been scheduled for the summer months and that although special out–of–term criminal trials were held during the summer, appellant could not have been tried previously because all of the courts were busy with other matters. After taking this notice, the court found that the Commonwealth had been duly diligent in bringing appellant to trial. The Commonwealth's petition, however, did not aver that the Commonwealth had been diligent, or that criminal court terms had not been scheduled, or that the Commonwealth had asked the court administrator to schedule appellant's trial for the summer but the administrator had found such scheduling to be impossible. *See generally Commonwealth v. Smith*, 269 Pa.Super. 424, 410 A.2d 329 (1979); *Commonwealth v. Bayani*, 261 Pa.Super. 369, 396 A.2d 443 (1978); *Commonwealth v. Hoffman*,

255 Pa.Super. 66, 386 A.2d 138 (1978) (Opinion in Support of Affirmance); *Commonwealth v. Lewis*, 247 Pa.Super. 46, 371 A.2d 1318 (1977) (discussing what constitutes due diligence). In short, the petition the lower court was purporting to act upon was fundamentally different from the petition the Commonwealth filed. This fact, together with the Commonwealth's failure to request the lower court to rule on the petition it did file, compels the conclusion that the lower court erred in granting the extension.

Appellant was tried long after August 14, the one hundred eightieth day following the filing of the criminal complaint against him. While the period between September 28 and December 1 might be accounted for by the Commonwealth's second petition for an extension of time, the period between August 14 and September 27 remains unaccounted for. At most, appellant was unavailable for trial for several days at the end of May and the Commonwealth failed to obtain an order extending the time for trial beyond August 14.

Appellant is discharged.

HESTER, J., files a dissenting opinion.

HESTER, Judge, dissenting:

I respectfully dissent. I would affirm for the reason set forth in my Opinion in *Commonwealth v. Chapman*, 271 Pa.Super. 473, 414 A.2d 352 (1979). I dissent for the further reason that the majority does not exclude from the time limits of Pa.R.Cr.P. 1100(a)(2), the 180 day rule, the period between May 30, 1978, when appellant appeared for his scheduled trial without counsel, until September 1, 1978 when the public defender entered his appearance for appellant. This flies directly in the face of the holding of our Supreme Court in *Commonwealth v. Bussey*, 486 Pa. 221, 404 A.2d 1309 (1979) wherein the court ruled:

"*Commonwealth v. Millhouse*, 470 Pa. 512, 368 A.2d 1273 (1977), is controlling as to this period. In *Commonwealth v. Millhouse*, supra, the accused who was not indigent presented himself for a preliminary proceeding without

counsel and did not waive his right to counsel. For this reason, the proceeding was delayed. We concluded that, under such circumstances the accused was unavailable within the meaning of Pa.R.Crim.P. 1100(d)(1) and that the period of delay resulting from the unavailability, i. e. until counsel entered an appearance, was to be automatically excluded.

Instantly, Bussey appeared at a preliminary proceeding without counsel, did not waive his right to counsel, and was financially capable to retaining private counsel. The delay in the proceeding was the result of these circumstances and counsel did not enter into the case until January 18, 1974. Hence, Bussey was unavailable for this period, and it must be excluded pursuant to Pa.R.Crim.P. 1100(d)(1)."

In *Commonwealth v. Millhouse*, 470 Pa. 512, 368 A.2d 1273 (1977), the opinion of this Court at 362 A.2d 398 was reversed in a case wherein the delay resulted from the defendant being unrepresented by counsel. There the Supreme Court held, at 470 Pa. 518, 368 A.2d 1276:

"The Commonwealth argues that the Superior Court erred in failing to exclude that period of delay resulting from the appellee being unrepresented by counsel from the computation under Rule 1100(a)(1) (270 day rule). We agree."

Pa.R.Crim.P. 1100(d)(1) provides:

"(d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

"(1) the unavailability of the defendant or his attorney;"

The actual "period of delay" at any stage of the proceedings attributable to the "unavailability of the defendant or his attorney" is an automatic exclusion from the time limits of either Pa.R.Crim.P. 1100(a)(1)—270 day rule or (a)(3)—180 day rule. See *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976).

> We are of the opinion that a defendant who has not waived his right to counsel is "unavailable" when that defendant appears for proceedings in connection with his case without defense counsel and such defendant is financially capable of retaining counsel. If the "unavailability" results in an actual delay in the proceedings, that delay is automatically excluded. The record in the instant case reveals that the appellee, while financially able to retain private defense counsel, was unrepresented by counsel from February 6, 1974, the date of the preliminary arraignment, until May 28, 1974, the date that Abraham Needleman, Esquire, entered his appearance on his behalf. The preliminary arraignment, however, was held despite the absence of defense counsel and thus, not actual delay resulted. Although the record is inadequate, it is clear that the first actual delay resulting from appellee's "unavailability" occurred on March 20, 1974. On that date, the proceedings were delayed until appellee retained counsel." ... We are therefore of the opinion that the 69 days from March 20, 1974, until May 28, 1974, the date that defense counsel filed his appearance on behalf of appellee, is excluded from the computation of the 270 day rule and the order of Superior Court at No. 718 October Term, 1975 is reversed.

It is clear that the Commonwealth could not try appellant until he was represented by counsel or waived his right to counsel. The majority would distinguish *Millhouse* and *Bussey* from the within situation on the basis that in those cases the defendants could afford private counsel. In my opinion, that is not the key factor in *Bussey* and *Millhouse*. The controlling fact is that counsel had not entered their appearance in behalf of the defendants. The Commonwealth was unable to try the defendants until they were represented by counsel or had waived their right to counsel.

In the situation before us, trial was scheduled for May 30, 1978, 104 days following the issuance of the complaint. The Commonwealth was ready, court and judicial facilities were available, but the appellant appeared, for the first time,

without counsel. Appellant had been represented by private counsel up to this point. The Commonwealth could not then proceed to try the appellant without counsel. He was then directed by the court to proceed immediately to the public defender's office to ascertain if he qualified for the services of that office. The record discloses that the public defender did not enter his appearance for appellant until September 1, 1978. The majority concludes from this that: "it may not be said that appellant was unavailable for the entire period." (At pp. 1342–1343). The record does not support this conclusion. Surely the appellant had a responsibility to exercise diligence in applying for the services of the public defender. Until the public defender entered his appearance on September 1, 1978, the Commonwealth did not have the means to require appellant's appearance at trial prior to that date in violation of his right to counsel. Another conclusion of the majority that is not supported by the record is the statement: "At most, appellant was unavailable for trial for several days at the end of May ____.' (At p. 1345). Insofar as the Commonwealth was concerned, the appellant was unavailable for trial until the public defender entered his appearance.

I submit that the application of the rule spelled out in *Millhouse* and *Bussey* would mandate that the period from May 30, 1978 to September 1, 1980, the date defense counsel entered his appearance, be automatically excluded as delay resulting from the unavailability of counsel.

Appellant was convicted by a jury of a brutal armed robbery wherein $41,000.00 was taken from the victims after they had been threatened and beaten. Appellant received a fair trial. In my opinion, his conviction should not now be set aside and he discharged, not because he is now found to be not guilty of armed robbery but due to an alleged violation of Rule 1100 which he himself created. The dissenting opinion of Judge Wieand in *Commonwealth v. Warner*, 269 Pa.Super. 1, 409 A.2d 33 (1979) is particularly appropriate here. There he stated, 269 Pa.Super. 8, 409 A.2d 36:

"Thus, when all the legalese is stripped away, the one fact that clearly remains is that appellant and his counsel were responsible for the continuance in July and thereby achieved a delay of the trial until September. Now they seek to avoid their agreement and use the very delay which they caused to avoid a trial on the merits. By permitting such a result, we encourage the games which are being played with Rule 1100 in the trial courts. Perhaps even more regrettably, we contribute to the disillusionment of a public which cannot comprehend a criminal justice system which allows a defendant to cause delay and then take advantage of his own delay to obtain a dismissal of serious criminal charges against him."

Due to the fact that I believe that such a result is undesirable and not required by Rule 1100 I respectfully dissent. I would affirm the judgment of sentence.