401 A.2d 783

COMMONWEALTH of Pennsylvania

v.

**Carl S. JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 21, 1977.

Decided April 12, 1979.

Reargument Denied July 2, 1979.

28

Alfeo P. Libetti, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, Chief, Appeals Division, for Commonwealth, appellee.

Before WATKINS, President Judge, JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

30

PRICE, Judge:

On January 16, 1975, a complaint was lodged against appellant, charging him with various offenses. After a jury trial which commenced on February 10, 1976, appellant was convicted of robbery,[1] burglary,[2] and possessing an instrument of crime.[3] Post-trial motions were argued and denied on June 30, 1976. Appellant, represented by counsel other than trial counsel (who also filed appellant's post-trial motions), now contends *inter alia*, that trial counsel was ineffective[4] in failing to assert timely a violation of his speedy trial right under Pa.R.Crim.P. 1100. We are constrained to agree and, therefore, vacate the judgment of sentence and order appellant discharged.

*Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967), sets forth the standard by which we adjudge an ineffectiveness claim: "[O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." The court has further elucidated that it is only when the claim foregone was of arguable merit that we must examine counsel's reason for failing to pursue it. Therefore, "[t]he initial factor which must be considered in applying this reasonable basis standard is whether the claim which [trial] counsel is charged with not pursuing had some reasonable basis." *Commonwealth v. Hubbard*, 472 Pa. 259, 277, 372 A.2d 687, 695 (1977).

1. 18 Pa.C.S. § 3701.

2. 18 Pa.C.S. § 3502.

3. 18 Pa.C.S. § 907.

4. When appellate counsel is an attorney other than the one who represented the appellant at trial, ineffectiveness of trial counsel must be raised on direct appeal, unless the grounds for the claim do not appear in the record. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975); *Commonwealth v. Tolbert*, 246 Pa.Super. 23, 369 A.2d 791 (1977).

 Since the complaint in this case was filed on January 16, 1975, the Commonwealth had 180 days, or until July 15, 1975, to bring appellant to trial in accord with Pa.R. Crim.P. 1100(a)(2).[5] Trial did not commence, however, until February 10, 1976, 390 days after the complaint was filed.[6]

 It is well settled that all periods of delay beyond the mandatory period for trial's commencement " '. . . must be either excluded from the computation [of the peri-

5. Pa.R.Crim.P. 1100(a)(2) provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

6. As one of several arguments, the Commonwealth asserts on appeal that we should view November 25, 1975, the date on which a suppression motion was heard, as the date of trial's commencement. The Commonwealth does not attempt to justify the lapse of $2\frac{1}{2}$ months between that day and jury selection, but simply relies upon Philadelphia Common Pleas Court Rule 600 IV, which provides in part:

> "All pretrial suppression applications in non-major criminal cases shall be listed for hearing in the same courtroom and on the same date as the non-major case scheduled for trial . . . . Pretrial suppression application[s] for suppression of identification evidence in major and homicide cases shall be listed for hearing in the same courtroom and on the same date as the major or homicide case is scheduled for trial."

Trial commences for Rule 1100 purposes when the trial court ascertains that the parties are present, and orders them to proceed to voir dire, opening argument, or any motion which has been reserved for the time of trial. *Commonwealth v. Byrd*, 250 Pa.Super. 250, 378 A.2d 921 (1977); Pa.R.Crim.P. 1100, Comment.

We recently addressed the issue of trial's commencement in light of Philadelphia's local rule in *Commonwealth v. Brown*, 264 Pa.Super. 127, 399 A.2d 699 (1979). We determined that the local rule would not be permitted to circumvent Rule 1100, and we reaffirmed that a motion which has been reserved for trial will signify trial's commencement for Rule 1100 purposes only if "it reflects a commitment of time and resources by the court below and leads directly into the guilt-determining process." *Commonwealth v. Taylor*, 254 Pa. Super. 211, 385 A.2d 984, 986 (1978). *See Commonwealth v. Dozier*, 258 Pa.Super. 367, 392 A.2d 837 (1978); *Commonwealth v. Griffin*, 257 Pa.Super. 153, 390 A.2d 758 (1978); *Commonwealth v. Williams*, 250 Pa.Super. 221, 378 A.2d 906 (1977). The record in this case does not indicate that the suppression motion was specifically reserved for the time of trial. Further, it is obvious that there was no significant commitment of judicial resources to this case in November 1975, nor did the hearing lead directly into the guilt-determining process. We therefore reject the Commonwealth's position.

od, Pa.R.Crim.P. 1100(d)] or justified by an order granting an extension pursuant to the terms of the rule [Pa.R.Crim.P. 1100(c)] if the Commonwealth is to prevail.'" *Commonwealth v. Shelton*, 469 Pa. 8, 14–15, 364 A.2d 694, 697 (1976), *quoting Commonwealth v. O'Shea*, 465 Pa. 491, 496, 350 A.2d 872, 874 (1976). In the instant case, the Commonwealth filed no extension petition. Our consideration is therefore confined to arguably excludable periods under Rule 1100(d). Thus, in order to find that the Commonwealth brought appellant to trial timely we must find 210 days of the 390 day period between the complaint and trial's commencement excludable under Rule 1100(d), which provides:

"In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

(1) the unavailability of the defendant or his attorney;

(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded[.]"

Because there was no hearing at any time in the court below delving into the Rule 1100 issue, we are hampered in our analysis. However, even accepting the Commonwealth's explanation an any questionable blocks of time, we find that Rule 1100 was not complied with in this case.

The Commonwealth first maintains that appellant was not arrested until March 18, 1975, because he was unable to be located. The record does not substantiate this assertion; however, for the sake of this analysis we will consider that appellant was unavailable for sixty-one days, excludable under Rule 1100(d).

▆▆ The next period of time which the Commonwealth contends should be excluded is thirteen and one-half days due to a joint application for continuance. This continuance was from May 30, 1975, to June 26, 1975, or 27 days. The Commonwealth argues that appellant must be charged with

half of this period.[7] However, even if we agreed with the Commonwealth's theory, only continuances granted at a defendant's request which are thirty days or more result in excludable time. Therefore, no time from this continuance is excludable from the mandatory period. We further note that the Commonwealth's effort to "lump" all periods of continuance requested by appellant and to exclude any time in excess of thirty days is error. In *Commonwealth v. Wade*, 475 Pa. 399, 380 A.2d 782 (1977), the supreme court ruled that each continuance would be looked at separately, and a defendant is not to be limited to a single thirty-day request. See also *Commonwealth v. Shields*, 247 Pa.Super. 74, 371 A.2d 1333 (1977), *aff'd. per curiam*, 483 Pa. 524, 397 A.2d 790 (1979).

The record shows that on June 26, 1975, a bench warrant was issued when appellant failed to appear. When appellant appeared late the bench warrant was rescinded, and the case scheduled for July 30, 1975. The Commonwealth would have us decide that appellant was unavailable during the thirty-four day interval. No interpretation of Rule 1100 "unavailability" to date would countenance such a result. This period of time is thus not excludable under the rule.

On July 30, 1975, appellant made a motion to quash the indictments due to an alleged violation of Pa.R.Crim.P. 203(c),[8] mandating that "[a] bill of indictment shall not be submitted to a grand jury for action until 10 days after a defendant is held for court." Because the motion was granted, the Commonwealth asserts that the nineteen days prior to appellant's reindictment are attributable to unavailability. Again, the Rule 1100 concept of unavailability cannot possibly be stretched to accommodate this theory, and we accordingly reject the Commonwealth's argument.

7. In fact, the Commonwealth insists that the period of extension was thirty-two days, thereby making sixteen chargeable to appellant. This count is obviously erroneous.

8. Subparagraph (c) has since been deleted from the rule.

The Commonwealth contends that appellant was unavailable from September 23, 1975, when he failed to appear before the court below, until October 21, 1975, or twenty-eight days. Appellant argues that he was not properly informed of his reindictment and that this explains his absence. We are not able to determine the validity of appellant's position, and will, for the sake of this analysis, assume that appellant was unavailable, thereby rendering twenty-eight days excludable from the mandatory period.

We will consider appellant's failure to appear on October 21, 1975, when a bench warrant was issued, to October 23rd, to be likewise attributable to appellant's unavailability.

On November 21, 1975, appellant agreed to waive Rule 1100 until "the next listing," January 5, 1976. This resulted in forty-five days of excludable time.

On January 5, 1976, appellant sought a further continuance that lasted until February 9, 1976, or thirty-five days. The Commonwealth does not argue that the November 21, 1975 waiver covers this period, and certainly the very wording of the docket entry "until the next listing" would negate such an argument. This continuance resulted in five days of excludable time.

The Commonwealth finally urges that appellant is to be charged with a one day continuance from February 9, 1976, to February 10th, because his request for a jury trial on the 9th caused the delay. We reject this novel but contorted reasoning, and note again that only if a continuance requested by a defendant exceeds thirty days will there be excludable time.

As we have reconstructed the record, even by giving the Commonwealth the benefit of the doubt on several questionable periods of time, a maximum of 142 days can be deemed excludable under Rule 1100(d). Trial would accordingly be deemed to have commenced 248 days after the complaint was filed.

In *Commonwealth v. Byrd*, 250 Pa.Super. 250, 256, 378 A.2d 921, 924 (1977), this court held that there is "no

reasonable legal basis for an attorney to fail to object to a violation of his client's right to speedy trial under Pa.R. Crim.P. 1100." It is clear from the record that the Commonwealth failed to comply with Rule 1100's mandate. If trial counsel had filed a timely request under Pa.R.Crim.P. 1100(f) for dismissal, the motion, clearly meritorious, would have been granted. Instead, counsel did not attempt to raise the Rule 1100 issue until the day on which trial commenced, and when told he would have to present his motion in the Calendar Room, as is the practice in Philadelphia County, he apparently abandoned the idea altogether. We are constrained to conclude that appellant was deprived of effective assistance of counsel.

The judgment of sentence is vacated, and appellant is ordered discharged.

VAN der VOORT and SPAETH, JJ., concur in the result.

JACOBS, former President Judge, WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.