423 A.2d 1056

**COMMONWEALTH of Pennsylvania,**

v.

**David BELL, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed Dec. 29, 1980.

Paul R. Weber, Assistant Public Defender, Doylestown, for appellant.

Dana C. Jones, Jr., Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

VAN der VOORT, Judge:

The lower court, sitting without a jury, found appellant guilty of simple assault and conspiracy. Appellant argues that the charges against him should have been dismissed because of a violation of Rule 1100 and because the evidence was insufficient to sustain the verdict. Due to our disposition of the first issue we will not need to examine the second.

The complaint in this case was filed on June 28, 1976. The 180 day period would thus expire on December 27, 1976. The appellant was placed on bail. His case was listed for

trial on November 1, 1976 (126 days after the filing of the complaint), and postponed at the request of the prosecution to December 14, 1976 (169 days). Appellant was notified of the December 14th trial date by letter dated November 8, 1976. He failed to appear on December 14, 1976 and a Bench Warrant was issued.[1] The prosecution made no serious effort to locate appellant and serve the Bench Warrant even though his actual residence at the time was known. He appeared voluntarily for a hearing on the Bench Warrant on January 19, 1977 (204 days after the filing of the complaint) at which time the Bench Warrant was rescinded and the case was again listed for trial on February 15, 1977 (231 days).

On the trial date, appellant presented the trial judge with an application to dismiss charges pursuant to Rule 1100. The judge denied the application to dismiss saying "the Commonwealth has shown no lack of diligence."

Appellant argues that the Commonwealth's admitted failure to file an application for extension beyond the 180 days is fatal unless the delay is excused by Rule 1100(d). He claims that he was never "unavailable" within the meaning of Rule 1100(d) because his whereabouts were always known. The Commonwealth's argument is that appellant waived the right to argue about the period from November 12th to December 14th by failure to include such argument in his post–trial motions brief, and that appellant was unavailable from December 14th until he voluntarily appeared on January 19th.

The lower court cites *Commonwealth v. Cohen and Holmes*, 481 Pa. 349, 356, 392 A.2d 1327 (1978), in holding that the defendant was certainly unavailable from December 14, 1976 to January 19, 1977:

> A defendant on bail who fails to appear at a court proceeding, of which he has been properly notified, is

1. Appellant admits that he received the notice that trial was scheduled for December 14, 1976, but claims he was confused about the date because he received another notice in early December 1976 advising him of the scheduling of a second, unrelated case for trial on January 12, 1977.

unavailable from the time of that proceeding until he is subsequently apprehended or until he voluntarily surrenders himself. In such a case the Commonwealth is entitled to an exclusion of this period under [Pa.R.Crim.P. 1100] section (d)(1) without the requirement of a showing of its efforts to apprehend the defendant during the period of his absence.

The lower court found: "Defendant was free on bail pending trial. He failed to appear for trial on December 14, 1976, having received proper notice of it (which fact he does not dispute) and did not voluntarily surrender himself until the bench warrant hearing on January 19, 1977."

■ To this point, we agree. If the period of 36 days from December 14, 1976 to January 19, 1977, were excluded from the 180 day period, the 180 days would expire on January 30, 1977, rather than on December 27, 1976. The trial judge then found appellant to be unavailable from November 12, 1976 [2] to December 14, 1976, for an additional exclusion of thirty-one (31) days:

We base this finding upon our own conclusion, rooted in defendant's own testimony, that from the very moment the defendant received notice of the December 14 trial date, he had no intention whatsoever of appearing for trial. (Opinion of the court below, page 4).

■ We conclude that the lower court was in error in excluding this additional 31 days. In the first place the record nowhere supports a finding that appellant decided in his own mind, upon receipt of the first letter dated November 8, 1976, that his trial was set for December 14th. He testified that he misunderstood the December 14th trial date to have been postponed to January 12, 1977, after he received a second letter dated December 1, 1976.

In any event, whatever his state of mind, appellant had no obligation to appear in court until December 14th, and we

2. The letter to appellant advising him of a trial date of December 14, 1976 is dated November 8, 1976. The judge's opinion states in a footnote that he generously allowed 4 days for the letter to be delivered to appellant.

conclude that the period of time during which he was unavailable within the meaning of Rule 1100(d) began on December 14th. Absent an application to extend the trial date by the Commonwealth, filed on or before January 30, 1977, (180 days plus 35 days from December 14 to January 19, 1977) the charges against appellant should have been dismissed.

Since the charges must be dismissed under Rule 1100, we need not discuss the sufficiency of the evidence.

Judgment of sentence reversed and the case is remanded with instructions to dismiss the charges involved in this appeal.