424 A.2d 527

**COMMONWEALTH of Pennsylvania,**

v.

**Gary Lee GILBERTHORP, Sr., Appellant.**

Superior Court of Pennsylvania.

Submitted March 6, 1980.

Filed Jan. 16, 1981.

404

Robert B. Evanick, Assistant Public Defender, York, for appellant.

Floyd P. Jones, Assistant District Attorney, York, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and MONTGOMERY, JJ.

CERCONE, President Judge:

Appellant, Gary Lee Gilberthorp, Sr., takes this appeal from his conviction for driving under the influence of alco-

hol.[1]  In his brief, appellant raises but one issue—whether the lower court erred in granting the Commonwealth's application for an extension of time for the commencement of trial pursuant to Pa.R.Crim.P. 1100(c).  We have reviewed the record in the instant case and we agree with appellant's position.  Therefore, we reverse appellant's conviction and discharge him.

On February 27, 1978, a criminal complaint charging appellant with driving under the influence of alcohol or controlled substance was filed.  A preliminary hearing was scheduled for March 8, 1978, but the Commonwealth asked that this hearing be continued for two weeks because the police officer (who apparently arrested appellant) was on vacation.  However, the public defender who was handling appellant's case indicated that in two weeks he would also be unavailable for two weeks.  Therefore, appellant's preliminary hearing was continued for a month, until April 3, 1978. On June 9, 1978, an information was found against appellant and appellant's trial was scheduled for the September 1978 session of criminal court.[2]  For Rule 1100 purposes, the 180th day after the filing of the criminal complaint was to fall on August 26, 1978, and on July 12, 1978, the Commonwealth filed an application to extend the time for trial.  A hearing on that application was held before the lower court on August 4, 1978.

At the Rule 1100 hearing, the lower court reviewed the docket entries regarding the preliminary hearing.  Other than the facts surrounding the one month continuance of the preliminary hearing, no additional evidence was introduced by the Commonwealth.  Based on the above facts, the court granted the Commonwealth's petition with the following order:

"In this case, the preliminary hearing was delayed because the police officer was on vacation for two weeks and further delayed because the public defender's office was tied up in Court for two weeks.

1.  75 Pa.C.S. § 3731 (1977).

2.  No exact date for this scheduled hearing is indicated in the record.

Under those circumstances, we give the Commonwealth credit for those four weeks under Rule 1100. Accordingly, we find that it acted with due diligence.

Accordingly, the Commonwealth's petition to extend is granted, the case will be tried during the term of Court commencing September 18, 1978."

We find this to be error.[3]

Pa.R.Crim.P. 1100(d)(1) reads:

"(d) In determining the period of commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

(1) The unavailability of the defendant or his attorney . . ."

In *Commonwealth v. Bussey*, 486 Pa. 221, 226 n.7, 404 A.2d 1309, 1312 n.7 (1979), the Supreme Court held that the fact that the period of unavailability of the defendant did not result in a delay of trial but rather a delay in a preliminary proceeding was an irrelevant distinction under Rule 1100(d)(1). *See also Commonwealth v. Millhouse*, 470 Pa. 512, 518 n.5, 368 A.2d 1273, 1276 n.5 (1977); *Commonwealth v. Cohen*, 481 Pa. 349, 392 A.2d 1327 (1978). In the instant case, the facts indicate that the unavailability of defense counsel delayed the scheduling of the preliminary hearing for fourteen days. Therefore, under the Rule, this fourteen day period is to be excluded from the period of delay. This means that the new run-date in the instant case was on September 9, 1978. However, appellant's trial did not com-

3. We wish to point out that in its order, the lower court appears to confuse the requirements of subsection (c) of Rule 1100 with those of subsection (d). Subsection (d) allows for an exclusion of periods of delay in certain circumstances but only when caused by the defendant or his attorney. In its order, the lower court allows for a "credit" to the Commonwealth for the delay caused by the vacation of the Commonwealth's witness. Although the court ostensibly is granted the Commonwealth's petition to extend, it really appears to be excluding the aforementioned time period. This is error as no such exclusion is provided to in the Rule. However, such a delay can be a consideration under subsection (c), which deals with petitions to extend filed by the Commonwealth.

mence until September 19, 1978, and so we must decide if the Commonwealth was properly granted an extension of time for the trial.

■ The lower court in granting the Commonwealth's petition to extend listed as evidence of the Commonwealth's due diligence in bringing appellant to trial the two week delay in the scheduling of the preliminary hearing caused by the vacation of the police officer. We find that this meager evidence falls far short of proving that the Commonwealth exercised due diligence in bringing appellant to trial. Pa.R. Crim.P. 1100(c) provides, in relevant part:

"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial . . . . Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence of the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

Accordingly, in order to justify an extension of time to try a defendant, the Commonwealth has the burden of proving that it exercised due diligence in its efforts to do so within the time periods provided by Rule 1100. *Commonwealth v. Hughes*, 256 Pa.Super. 105, 389 A.2d 623 (1978). In the instant case, the Commonwealth proffered no reason whatsoever as to why it could not bring appellant to trial during the five month interval between the date of appellant's preliminary hearing, on April 3, 1978, and the run-date of September 9, 1978. Therefore, we find that the lower court erred in granting the Commonwealth's petition to extend the time for trial because we find that there is a dearth of evidence of the Commonwealth's due diligence.

Accordingly, we reverse and order appellant discharged.

WATKINS, J., dissents.