442 A.2d 808

**COMMONWEALTH of Pennsylvania**

v.

**Robert PERRY, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed March 12, 1982.

Petition for Allowance of Appeal Denied June 16, 1982.

360

John W. Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, P. J., and WATKINS and HOFFMAN, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Philadelphia County, and involves defendant's claim that the charges against him should have been dismissed because the Commonwealth failed to demonstrate "due diligence" in bringing the defendant to trial at the hearing held on the Commonwealth's petition to extend the time for trial.

The defendant was arrested and charged with burglary and possessing instruments of crime on July 26, 1977. He was convicted of said crimes on February 10, 1977 after a non-jury trial. He then took this appeal.

The mechanical run date of 180 days pursuant to *Rule 1100* of the *Pa.Rules of Criminal Procedure* was January 22, 1978. Because that date fell on a Sunday the time for trial was extended to Monday, January 23, 1978. *Rule 1100 Pa.Rules Crim.Pro.* On October 26, 1977 the case was listed for trial. The defendant failed to appear on time for the trial and the case was passed. On January 23, 1978 the Commonwealth filed a timely Petition for an Extension of Time in which to bring the defendant to trial. The defendant answered said petition and filed a motion to dismiss the charges. A hearing was held thereon on February 3, 1978, after which the court granted an extension of time to the Commonwealth. Trial commenced on February 10, 1978 which was the 199th day after defendant's arrest.

The court below found that the Commonwealth had exercised due diligence in attempting to bring the defendant to trial. The Commonwealth was ready to proceed to trial on October 26, 1977, November 17, 1977 and December 14, 1977 but the case was not reached on any of those dates. The court also found that the defendant's tardiness in appearing for trial on October 26, 1977 resulted in a 22 day delay which is attributable to the defendant. Deducting the 22 day delay caused by the defendant from the 199 days brings the Commonwealth within the 180 day limit. Thus, even if the Commonwealth failed to prove "due diligence" at the *Rule 1100* hearing the defendant was tried within the appropriate

362

time period if the 22 days was properly deducted from the "run time".

The defendant was late on October 26, 1977 because he had been detained at a district hearing. However, the case was then re-listed for trial on November 17, 1977. Thus, the defendant's "unavailability" on October 26, 1977 resulted in the delay. The unavailability of the defendant excludes the delay occasioned thereby from the running of the rule. *Commonwealth v. Millhouse*, 470 Pa. 512, 368 A.2d 1273 (1977). *Section 1100(d)(1)* of the rule requires the exclusion of the period of delay *resulting from* the unavailability of the defendant or his counsel. *Commonwealth v. Morgan*, 484 Pa. 117, 398 A.2d 972 (1979). The court below found that the defendant's unavailability on October 26, 1977 resulted in a 22 day delay. Unlike the situation in *Morgan*, the unavailability of the defendant in our case did result in delaying the schedule of the proceedings. The defendant would have us hold that defendant's unavailability on October 26, 1977 resulted in only a one day delay, at most, which is attributable to the defendant. The defendant argues that *Rule 1100(d)(1)* provides that the only delay which can be attributed to the defendant is the actual period of time that he was unavailable. We do not agree. The Rule specifically excludes from the "run time" "such period of delay at any stage of the proceedings *as results from* : (1) the unavailability of the defendant or his attorney." [1] (Emphasis ours) It is obvious that in many cases the defendant, by his unavailability, can occasion a delay which is much greater than the actual time of his unavailability. The Rule charges this delay to the defendant.

Since the court below correctly attributed the 22 day delay to the defendant and because the case was tried on the 199th day, we hold that the court below did not err in dismissing the defendant's petition to dismiss the charges.

Judgment of sentence affirmed.

HOFFMAN, J., files a dissenting opinion.

1. *Pa.Rules Crim.Pro. 1100(d)(1).*

HOFFMAN, Judge, dissenting:

Appellant contends that the lower court erred in granting the Commonwealth's petition for extension of time pursuant to Pa.R.Crim.P. 1100(c). I agree and, accordingly, would reverse the judgment of sentence and order appellant discharged.

On July 26, 1977, the Commonwealth filed a criminal complaint against appellant, charging him with burglary and possessing instruments of crime. Thus, pursuant to Pa.R.Crim.P. 1100(a)(2), appellant's trial should have commenced by January 23, 1978.[1] At a scheduled trial listing on October 26, 1977, appellant failed to appear, and a bench warrant was issued. The warrant was withdrawn when appellant appeared later that day. Appellant's trial was then relisted for November 7, 1977. The case was not reached on that date and was continued until December 14, 1977. On that date, the case again was not reached, and subsequently, on January 23, 1978, the Commonwealth filed a petition for extension of time pursuant to Pa.R.Crim.P. 1100(c). In its petition, the Commonwealth alleged that it had been prepared to proceed on the three previously scheduled trial dates. Additionally, the Commonwealth alleged that "[d]espite due diligence, the Commonwealth will be unable to try the [appellant] before the original run date." Subsequently, appellant filed both an answer to the Commonwealth's petition, in which he denied the material averments, and a petition for dismissal of the charges pursuant to Pa.R.Crim.P. 1100(f). At the extension hearing on February 3, 1978, the Commonwealth presented no evidence in support of its petition. The hearing judge merely noted the continuances of October 26, November 17, and December 14 and concluded, "That would support a finding of due diligence on the part of the Commonwealth, the Petition having been timely filed." The hearing judge granted an extension

1. In computing the Rule 1100 period, January 22, 1978, the 180th day, is omitted because it was a Sunday. *Commonwealth v. Jones*, 473 Pa. 211, 214, 373 A.2d 1338, 1339 (1977); *Commonwealth v. Thomas*, 266 Pa.Superior Ct. 381, 383, 404 A.2d 1340, 1342 (1979); 1 Pa.C.S. § 1908.

until February 13, 1978. Appellant's nonjury trial commenced on February 10, 1978, and he was convicted on the above-stated charges. Following denial of post-verdict motions and imposition of sentence, appellant took this appeal.

Rule 1100(a)(2) requires the Commonwealth to commence trial within 180 days of the filing of the complaint unless any period of delay beyond 180 days is excludable pursuant to Rule 1100(d) or the run date is properly extended by court order pursuant to Rule 1100(c). The Commonwealth argues, and the majority agrees, that even if the extension in this case were improperly granted, appellant was tried within the Rule 1100 period because it is entitled to exclude twenty-two days. Rule 1100(d)(1) states in part: "In determining the period for commencement of trial, there shall be excludable therefrom such period of delay at any stage of the proceedings as results from: ... the unavailability of the defendant ...." [2] The Commonwealth argues that although appellant was unavailable for part of the day on October 26, 1977, his failure to appear at the scheduled trial listing on that date caused his trial to be delayed until November 17. Thus, the Commonwealth asserts, that twenty-two day period should be excluded under Rule 1100(d)(1) because that delay "result[ed] from" appellant's unavailability.

In *Commonwealth v. Morgan*, 484 Pa. 117, 398 A.2d 972 (1979), our Supreme Court rejected the contention which the Commonwealth raises here. In that case, the defendant did not appear on the scheduled trial date, and the trial was rescheduled to a date forty-nine days later. The Commonwealth sought to exclude under Rule 1100(d)(1) the entire forty-nine day period on the ground that defendant's unavailability on the scheduled trial date prevented the commencement of trial within the Rule 1100 period. In reject-

2. The Commonwealth has the burden of proving by a preponderance of the evidence that it is entitled to an exclusion under Rule 1100(d). *Commonwealth v. Mitchell*, 472 Pa. 553, 564, 372 A.2d 826, 831 (1977); *Commonwealth v. Williams*, 284 Pa.Superior Ct. 125, 129, 425 A.2d 451, 454 (1981); *Commonwealth v. Clark*, 256 Pa.Superior Ct. 456, 463, 390 A.2d 192, 195 (1978).

ing the Commonwealth's argument, the Supreme Court noted that the court calendar, not defendant's unavailability, had prevented the Commonwealth from scheduling defendant's trial within the Rule 1100 period. Because the Court had previously held that scheduling difficulties do not provide a basis for an exclusion under Rule 1100(d)(1), *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976), the Commonwealth was not entitled to exclude the forty-nine day period.[3] As an alternative ground for its decision, the Court held that "a finding of unavailability causing delay requires the Commonwealth to exercise due diligence in the avoidance of that delay," 484 Pa. at 127, 398 A.2d at 976, which the Commonwealth had failed to do.[4] *See also Commonwealth v. Cohen*, 481 Pa. 349, 356, 392 A.2d 1327, 1331 (1978) ("[A] defendant on bail who fails to appear at a court proceeding, of which he has been properly notified, is unavailable from the time of that proceeding until he is subsequently apprehended or until he voluntarily surrenders himself.").

I conclude that the twenty-two day period from October 26, 1977 to November 17, 1977 is not excludable under Rule 1100(d)(1). If scheduling difficulties prevented appellant's trial from being listed before November 17, that delay is not excludable under Rule 1100(d)(1). In any event, I note that the record contains no explanation for the delay in rescheduling appellant's trial. It therefore cannot be said that the Commonwealth "exercise[d] due diligence in the avoidance of that delay." *Commonwealth v. Morgan, supra,* 484 Pa. at 127, 398 A.2d at 976. Accordingly, because only one day is excludable under Rule 1100(d)(1), appellant must be discharged unless the lower court properly granted the Commonwealth's extension petition.

3. *Accord, Commonwealth v. Manley*, 282 Pa.Superior Ct. 376, 422 A.2d 1340 (1980); *Commonwealth v. Goodman*, 260 Pa.Superior Ct. 266, 393 A.2d 1256 (1978). *But see Commonwealth v. Chapman*, 271 Pa.Superior Ct. 473, 414 A.2d 352 (1979).

4. The Court stated that "[t]he due diligence involved in this case refers to [the Commonwealth's] obligation to make an effort to reschedule the trial as quickly as the circumstances permit." *Id.*, 484 Pa. at 127 n.5, 398 A.2d at 976 n.5.

Rule 1100(c) states that a trial court may extend the time for commencement of trial "only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth." Additionally, our Supreme Court has mandated that an extension may be granted "only upon a record showing: . . . certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided." *Commonwealth v. Mayfield*, 469 Pa. 214, 222, 364 A.2d 1345, 1349 (1976). "The Commonwealth has the burden, by a preponderance of the evidence, of showing it has met the requirements of Rule 1100(c)." *Commonwealth v. Ehredt*, 485 Pa. 191, 194, 401 A.2d 358, 360 (1979). "[I]n reviewing a hearing court's ruling that the Commonwealth has met its burden, we consider only the evidence presented by the Commonwealth and so much evidence as, fairly read in the context of the record as a whole, remains uncontradicted." *Id.*

I conclude that the Commonwealth failed to establish that it exercised due diligence in attempting to bring appellant to trial within the Rule 1100 period. As stated above, the Commonwealth in its extension petition merely cited the three occasions on which the case had not been tried and alleged that it had exercised due diligence. At the "hearing" on the petition, the Commonwealth presented no evidence, and the hearing judge apparently based his finding of due diligence solely upon his review of the docket entry notes. This record falls far short of satisfying the Commonwealth's burden of proving its due diligence by a preponderance of the evidence. The record certainly does not "show the causes of the court delay and the reasons why the delay cannot be avoided." *Commonwealth v. Mayfield, supra*, 469 Pa. at 222, 364 A.2d at 1349. *See Commonwealth v. Levitt*, 287 Pa.Superior Ct. 115, 429 A.2d 1126 (1981) (Commonwealth not entitled to extension where it failed to show that

the judicial delay was unavoidable and that the case could not have been scheduled for trial ahead of other cases which did not have similar Rule 1100 problems); *Commonwealth v. Mines*, 282 Pa.Superior Ct. 157, 422 A.2d 876 (1980) (Commonwealth not entitled to extension where it merely alleged in its extension petition that it was twice ready to proceed to trial, and docket entries showed that case was twice continued at defendant's request); *Commonwealth v. Berry*, 271 Pa.Superior Ct. 466, 414 A.2d 130 (1979) (Commonwealth not entitled to extension where only proof of due diligence was hearing judge's statement that case could not be reached because no jury trial rooms were available). Moreover, even assuming, *arguendo*, that the Commonwealth had proven that, despite its due diligence, it was unable to try appellant on or before December 14, 1977, the date of the last continuance, the Commonwealth did not allege, much less prove, that it had exercised due diligence in attempting to commence trial between December 14 and the end of the Rule 1100 period. Because Rule 1100(c) expressly states that an extension may be granted "only if trial cannot be commenced *within the prescribed period* despite due diligence by the Commonwealth" (emphasis added), the hearing judge erred in granting the Commonwealth an extension. *See Commonwealth v. Gilberthorp*, 283 Pa.Superior Ct. 403, 424 A.2d 527 (1981) (Commonwealth not entitled to extension where it gave no reason for failing to bring defendant to trial during the five month period between preliminary hearing and run date); *Commonwealth v. Coleman*, 280 Pa.Superior Ct. 162, 421 A.2d 455 (1980) (Commonwealth not entitled to extension where it could have listed case for trial during last six days of Rule 1100 period); *Commonwealth v. Weber*, 256 Pa.Superior Ct. 483, 390 A.2d 206 (1978) (Commonwealth not entitled to extension where it did not show, *inter alia*, why the case was not listed for trial during final two weeks of Rule 1100 period). Accordingly, I would reverse the judgment of sentence and order appellant discharged.