454 A.2d 615

**COMMONWEALTH of Pennsylvania**

v.

**Robert E. RESSLER, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 15, 1981.

Filed Dec. 30, 1982.

Petition for Allowance of Appeal Denied May 16, 1983.

John D. Enck, Lebanon, for appellant.

William Thurston, Assistant District Attorney, Lebanon, for Commonwealth, appellee.

Before WICKERSHAM, BECK and POPOVICH, JJ.

BECK, Judge:

This is a direct appeal from the judgment of sentence entered against Appellant by the Court of Common Pleas of Lebanon County. Two claims are made.

One is a boilerplate claim that the verdict was "contrary to the evidence, contrary to the weight of the evidence, contrary to the law, and whether the evidence was insufficient to sustain the verdict." Taking this as a general claim of insufficiency of evidence, we have carefully reviewed the trial transcript. The two Commonwealth witnesses who established Appellant's guilt had been charged as co-conspirators. They unambiguously identified Appellant and described his role, as leader and planner, of the two burglaries for which he and they had been charged. The jury was

made aware of the factors such as personal animosities and bargains with the Commonwealth that might detract from the credibility of these witnesses. The jury chose to believe their testimony.

■ Our scope of review is limited to the question of whether, considering the evidence in the light most favorable to the Commonwealth, the trier of fact can find every element of the crime proved beyond a reasonable doubt. *Commonwealth v. Santiago*, 476 Pa. 340, 382 A.2d 1200 (1978). In this case, it is clear that there was evidence from which the trier of fact could lawfully and logically convict Appellant as charged.

■ Appellant's second claim is that trial did not commence within 180 days of the date the criminal complaint was filed. Rule 1100, R.Crim.P. The Commonwealth does not dispute that the criminal complaint was lodged against appellant on December 6, 1979 and the trial conducted on June 26, 1980, 23 days after the run date. The Commonwealth argues, however, that certain periods of the interim time are excludable from computation due to unavailability of the Appellant. Rule 1100(d)(3)(i). There were three separate dates during the time period in question when Appellant was said to be unavailable for a preliminary hearing resulting in continuances. The question for this court in each instance was whether the Commonwealth fulfilled its duty under Rule 1100 in light of the cases clarifying the duty of the Commonwealth to exercise due diligence to secure Appellant's availability and to avoid unnecessarily long delays in rescheduling of the proceedings. *Commonwealth v. Morgan*, 484 Pa. 117, 398 A.2d 972 (1979); *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977); *Commonwealth v. Goodman*, 260 Pa.Super. 266, 393 A.2d 1256 (1978).

The calendar of relevant events was as follows: December 6, 1979, complaint lodged; January 2, 1980, arrest, arraignment and admission to bail; January 11, 1980, preliminary hearing convened and continued until February 29, 1980; February 29, 1980 preliminary hearing continued until March 10, 1980; March 10, preliminary hearing contin-

ued until April 7, 1980; April 7, 1980 preliminary hearing continued until May 2, 1980; May 2, 1980 preliminary hearing held; June 26, 1980, trial held.[1]

The preliminary hearing was postponed four times before it was finally held. Three of these continuances were held by the court below to be the fault of the Appellant. All of the time between each scheduled preliminary hearing and the date to which it was continued was subtracted from the 180 day computation. Any one of these three periods of time was long enough so that if subtracted from the total time elapsed, the Commonwealth will be found to have met its responsibility under Rule 1100.

Upon careful review of the testimony and the case law concerning unavailability of a defendant, we conclude that two of the three periods were improperly charged to the Appellant, as the Commonwealth cannot be said to have exercised due diligence under the circumstances. However, the third was properly charged to the Appellant. Consequently, we will uphold the trial court's conclusion that the requirement of the Rule was met.

The first period of time charged to the Appellant was January 11 until February 29, 1980. The record reveals that appellant did not appear for the preliminary hearing scheduled on January 11. Transcript 6/18/80 (T. 31). Although Appellant denied he knew of this scheduled hearing, (T. 31), Appellant had notice of the date in writing when he personally signed his Bail Bond on January 2, 1980. When Appellant was admitted to bail, (Nominal no-surety bail of $1000 ROR) he pledged to appear "at all times as his presence may be required...". Condition 1, Bail Bond. See also Rule 4013, Rules of Criminal Procedure. The Bond plainly stated the date, place, and time of the January 11 preliminary hearing. When Appellant failed to appear, District Justice Schultz might have issued a bench warrant, revoked bail, and ordered a search for Appellant. On the

---

1. The Commonwealth petitioned in May for an extension of time within which trial must be held. After a hearing in June, the court ruled that extension was unnecessary because of the time periods it ruled excludable, the same as those challenged here.

record before us it does not appear that she did so. Nevertheless, it is not the intention of Rule 1100 to benefit a defendant who fails to live up to the requirements of bail.

Where a defendant undertakes to accept the status of bail during the pendency of court proceedings he assumes the responsibility of making himself available for any court appearances required of him in connection with the action, upon receipt of reasonable notice. To focus solely upon the conduct of the Commonwealth not only ignores the defendant's dereliction of an obligation, but also places him in the position of possibly benefitting from his own wrongdoing. Where the delay results from the *defendant's willful failure to appear at the appointed time* it is obviously not the type of harm envisioned in the protections sought to be afforded by the speedy trial guarantee. To the contrary, the delay is directly attributable to the fact that he was in a bail status, and not in custody, and that he deliberately abused that prerogative.

The factual situation presented in this appeal is clearly distinguishable from that presented in *Commonwealth v. Mitchell,* 472 Pa. 553, 372 A.2d 826 (1977). There, we were concerned with the Commonwealth's due diligence in serving the warrant of arrest upon the accused. In that setting we held the fact that the defendant was not located would not be treated as excluding any period of time required to ascertain his whereabouts absent a showing that the Commonwealth had exercised due diligence in attempting to locate him. In substance, we were saying that the Commonwealth would not be excused for a delay occurring because it failed to make a reasonable effort to locate the defendant. However, that situation differs from one where the defendant has the obligation to be available and is aware of the appointed time and place where his presence is required.

*Commonwealth v. Cohen,* 481 Pa. 349, 392 A.2d 1327 (1978).

█ Appellant has also suggested that the Commonwealth need not have continued the preliminary hearing so far into the future, resulting in a total delay of forty-nine

days following January 11. The Commonwealth does have an obligation to avoid lengthy delays due to unavailability of a defendant. However, we note that the cases in which the Commonwealth has been held responsible for such delays, the facts were distinguishable from the instant case. In one such case, the defendant had voluntarily appeared later the same day after he missed a proceeding. *Commonwealth v. Johnson,* 265 Pa.Super. 27, 401 A.2d 783 (1979). In another, a defendant was involved in a proceeding in another jurisdiction, yet Pennsylvania authorities made no effort to determine how long those proceedings would continue, so that an unnecessarily long delay could be avoided. *Commonwealth v. Morgan.* Pennsylvania courts have not defined with precision what period of time constitutes a delay that should be considered unnecessarily long. The facts of each case must be examined. We would not place a heavy burden on the Commonwealth where the delay was due to the fact that the appellant on bail absconded, as in the instant case.

The second and third periods of time for which Appellant was regarded as "unavailable" occurred during a time that Appellant was incarcerated in Berks County.

A preliminary hearing was scheduled for March 10, 1980. The record reveals that on March 10 Trooper Samuel C. Curley obtained a writ of habeas corpus and went to Berks County Prison to pick up Appellant. When he arrived at the prison he was informed that Appellant was "in the hospital having his teeth fixed and would not be available" (T. 22). Trooper Curley testified that he probably would have arrived at the Berks County prison about one hour before the scheduled Lebanon County proceeding (T. 27). A preliminary hearing was scheduled for April 7, 1980. On April 7 Trooper Curley again arrived at Berks County prison and found that Appellant was attending court proceedings in Berks County (T.22). In neither instance does the record reveal that any effort was made in advance of March 10 or April 7 to obtain the cooperation of, or even information from, Berks County officials, so as to be sure of the presence and availability of Appellant. This cannot

be described as due diligence on the part of the Commonwealth.

▄▄▄ When a criminal defendant is unavailable due to incarceration in another jurisdiction, the Commonwealth must exercise due diligence to obtain his presence for proceedings. *Commonwealth v. Hamilton,* 449 Pa. 297, 297 A.2d 127 (1972); *Commonwealth v. McCafferty,* 242 Pa.Super. 218, 363 A.2d 1239 (1976). It is not the duty of the defendant to take steps to secure continuances or otherwise to advance the criminal proceedings against him. *Commonwealth v. Wade,* 240 Pa.Super. 454, 360 A.2d 752 (1976); *Commonwealth v. Morgan.*

We are not enlarging upon the Commonwealth's duty to suggest that it take reasonable steps to secure the cooperation of a neighboring county in producing a defendant for criminal proceedings. Therefore, we conclude that the two time periods from March 10 to April 7 and from April 7 to May 2 should not have been excluded from the 180 day computation. Nevertheless, as stated above, the period from January 11 to February 29 is excludable, and therefore trial commenced before the expiration of 180 days.

Judgment of sentence affirmed.

WICKERSHAM and POPOVICH, JJ., concur in the result.