491 A.2d 1368
**COMMONWEALTH of Pennsylvania**
v.
**James GORHAM, Appellant.**
Superior Court of Pennsylvania.
Submitted Nov. 2, 1984.
Filed April 19, 1985.

500

John J. Calabro, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, President Judge, and OLSZEWSKI and CERCONE, JJ.

SPAETH, President Judge:

This is an appeal from judgment of sentence for burglary and related charges. Appellant argues that the trial court erred in (1) denying his Rule 1100 motion to dismiss, (2) admitting his inculpatory statements, and (3) admitting evidence obtained through a search of appellant. He also argues that trial counsel was ineffective. We find appellant's arguments without merit and therefore affirm.

Rule 1100 requires that trial commence no later than 180 days from the date on which the complaint is filed, but excludable from this period, is "such period of delay at any stage of the proceedings as results from: (i) the unavailability of the defendant or his attorney; (ii) any continuance granted at the request of the defendant or his attorney." Pa.R.Crim.P. 1100(a)(2) and (d)(3). The complaint in this case was filed on November 3, 1982, resulting in a run date of May 2, 1983. Appellant was not tried until August 18, 1983—108 days beyond the run date. Appellant concedes, however, that as a result of his motion for a continuance, 76 days are excludable. N.T. 8. Excluding this period brings the run date to July 17, 1983.

The Commonwealth argues that it may exclude a second period. On February 14, 1983, appellant, who had been on bail, failed to appear for trial. Instead, his sister-in-law appeared and told the court, and the district attorney, that appellant was in federal custody in Lexington, Kentucky. N.T. 8–9. The case was continued to March 21, so that the Commonwealth could initiate extradition proceedings. On March 21 appellant was still in custody in Kentucky, and the case was continued to June 3. On March 24 the Commonwealth obtained custody of appellant. On June 3 appellant's counsel requested and was granted a continuance, and on August 18 trial commenced. Under Pa.R. Crim.P. 4013(c), appellant as a person admitted to bail was required to "give written notice to the issuing authority, the clerk of courts, the district attorney, and the court bail agency or other designated court bail officer, of any change of address within forty eight (48) hours of the date of such

change...." The Commonwealth's argument is that because appellant failed to give written notice that he was in custody in Kentucky—of his "change of address"—and because he failed to appear for trial when his case was called on February 14, he violated the conditions of his bail, and that "any resulting delay [is] excludable under Rule 1100(d)(1)." Brief for Commonwealth at 5.

■ A defendant on bail who fails to appear at a court proceeding of which he has been properly notified is unavailable from the time of that proceeding until he is subsequently apprehended or voluntarily surrenders, and the Commonwealth is entitled to exclude this period without any showing of due diligence. *Commonwealth v. Cohen,* 481 Pa. 349, 356, 392 A.2d 1327, 1331 (1978); *Commonwealth v. Derrick,* 322 Pa.Super. 517, 469 A.2d 1111 (1983); *Commonwealth v. Colon,* 317 Pa.Super. 412, 464 A.2d 388 (1983); *Commonwealth v. Williams,* 299 Pa.Super. 226, 445 A.2d 537 (1982); *Commonwealth v. Bell,* 283 Pa.Super. 196, 423 A.2d 1056 (1980). We have held that this principle applies even where the defendant is incarcerated, and therefore can not appear, if he has not complied with the notice requirement of Rule 4013(c). *Commonwealth v. Byrd,* 325 Pa.Super. 325, 472 A.2d 1141 (1984); *Commonwealth v. Colon, supra* 317 Pa.Super. at 421, 464 A.2d at 393; *Commonwealth v. Williams, supra* 299 Pa.Super. at 230, 445 A.2d at 539. However, in each of these cases the district attorney was unaware of the defendant's incarceration. Here, in contrast, the district attorney was informed of appellant's whereabouts, even though, contrary to Rule 4013(c), not in writing and not until the day set for trial. We therefore do not agree with the trial court, which found *Byrd* "dispositive." Slip op. of tr. ct. at 2.

■ Nevertheless, we find that appellant was accorded his right to a speedy trial. Under Rule 1100(d), the Commonwealth may exclude not just the time that the defendant or his attorney is unavailable for trial, but the entire period of delay that results from such unavailability. *Commonwealth v. Robinson,* 498 Pa. 379, 384, 446 A.2d 895, 898

(1982) (sixteen day delay occasioned by need to put case on backup status behind two other cases at conclusion of defense continuance excludable); *Commonwealth v. Millhouse*, 470 Pa. 512, 518, 368 A.2d 1273, 1276 (1977). Thus a defendant, by his unavailability, may occasion a delay greater than the actual time of his unavailability. *Commonwealth v. Colon, supra*, 317 Pa.Superior Ct. at 423, 464 A.2d at 394; *Commonwealth v. Perry*, 296 Pa.Super. 359, 442 A.2d 808, 810 (1982). Nothing in the record indicates that appellant notified anyone of his incarceration prior to February 14, 1983, when he failed to appear for trial. Accordingly, he was unavailable for trial at least on that date, and the delay occasioned by the need to continue the case to March 21 was attributable to him and excludable. *Commonwealth v. Donaldson*, 334 Pa.Super. 473, 477, 483 A.2d 549, 551 (1984) (forty-six day continuance resulting from defendant's tardiness excludable); *Commonwealth v. Ressler*, 308 Pa.Super. 438, 454 A.2d 615, 617 (1982) (forty-nine day continuance resulting from defendant's failure to appear excludable); *Commonwealth v. Perry, supra* 296 Pa.Super. at 362, 442 A.2d at 810 (twenty-two day continuance when defendant did not appear until after his case was passed because he was detained at a district hearing excludable). *Accord Commonwealth v. Derrick, supra* 322 Pa. Super. at 530, 469 A.2d at 1118 (when defendant failed to appear for trial and three days later appeared without counsel, entire period from date he failed to appear to date he appeared without counsel excludable, and also period to date to which trial was rescheduled when that date was earliest possible date consistent with court's business). Exclusion of the 35 day continuance from February 14 to March 21 brings the run date in this case to August 21, 1983, three days after the trial.

■ A qualification to this conclusion should be noted lest it be interpreted too broadly. It is not enough to show only that the defendant has violated the conditions of his bail; it must also be shown that the period of delay in question *resulted* from that violation. Here we are satisfied that the

35 day continuance did result from appellant's violation of the conditions of his bail. But in other cases, that has not been shown. Thus in *Commonwealth v. Johnson, supra,* where the defendant only appeared late on the day on which trial was scheduled, and the case was continued for 34 days, we declined to find unavailability during the entire period of the continuance. 265 Pa.Super. 27, 33, 401 A.2d 783, 786. And in *Commonwealth v. Morgan,* 484 Pa. 117, 121, 398 A.2d 972, 975 (1979), the Supreme Court found a 20 day delay caused by the defendant's failure to appear for her arraignment not excludable because, while the defendant was unavailable during the 20 days, "[a] critical fact" was that her "unavailability ... did not result in delaying the schedule of the proceedings." *Morgan* also involved a 49 day continuance. Instead of appearing when her case was called for trial, the defendant notified the district attorney that she was required to appear in federal court. The case was then continued for 49 days, without inquiring how long the federal proceedings would detain her. The Commonwealth argued that the entire period of the continuance should be excluded. However, assuming the defendant's unavailability on the date set for trial, the Court found that the Commonwealth's claim was in the nature of a claim of "judicial delay," and since the Commonwealth had failed to apply for an extension, the claim was rejected. 484 Pa. at 124–26, 398 A.2d at 975–76. Here we do not regard the Commonwealth claim as in the nature of a claim of judicial delay. When appellant's sister-in-law notified the trial court and the district attorney that appellant was in custody in Kentucky, it became evident that some delay would result. How much delay could not then be known, but an estimate of 35 days—the continuance ordered—was reasonable. It is therefore fairly attributable to appellant.

 Appellant's remaining arguments are also without merit. The record supports the trial court's admission of appellant's inculpatory statements and of the credit cards and checks found on appellant on the night of his arrest. We will not disturb findings supported by the record and

506

legal conclusions based on those findings. *Commonwealth v. Henderson,* 497 Pa. 23, 36, 438 A.2d 951, 957 (1981); *Commonwealth v. Rodriguez,* 330 Pa.Super. 295, 299, 479 A.2d 558, 560 (1984). Nor has appellant demonstrated any ineffectiveness of counsel. Appellant argues that counsel "was ineffective for failing to subpoena a print-out of the police radio message which led to the arrest..." Brief for Appellant at 13. However, he does not suggest how the print-out, if subpoenaed, would have assisted in his defense. A purely abstract claim of ineffectiveness will be denied. *Commonwealth v. Wallace,* 495 Pa. 295, 298, 433 A.2d 856, 858 (1981).

Affirmed.